**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re: RO Boats, LLC, REC MARINE LOGISTICS, LLC, and GOL, LLC as owners of the LSV Mallard** | § § § § § | **C.A. NO. 4:25-cv-4062** |
| ***Limitation*** | § § | **(ADMIRALITY)** |

**CHRISTINE BARRETT'S CROSS CLAIMS AGAINST TEEKAY SHIPPING (USA), INC., TEEKAY MARINE SOLUTIONS, INC., TEEKAY CHARTERING LTD., TEEKAY TANKERS CHARTERING PTE. LTD., STI JERMYN SHIPPING COMPANY LIMITED, SCORPIO SHIP MANAGEMENT (INDIA) PRIVATE LIMITED, AND MERCURY POOL, LTD.**

COMES NOW, by and through undersigned counsel, Christine Barrett who asserts these cross claims against Teekay Shipping (USA), Inc., Teekay Marine Solutions, Inc., Teekay Chartering Ltd., and Teekay Tankers Chartering Pte. Ltd., (collectively "Teekay Interests") and STI Jermyn Shipping Company Limited, Scorpio Ship Management (India) Private Limited, and Mercury Pool, Ltd. (collectively "STI Interests") as follows:

## GENERAL RESERVATION

Cross Claimant Christine Barrett specifically re-alleges and re-avers all defenses asserted in her answer and claim to the limitation complaint (Rec. Doc. 12), including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, and Cross Claimant's right to pursue her claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies.

# I.
# PARTIES

1. Cross Claimant Christine Barrett is the wife and Representative of the Estate of Jeremy Barrett, a Jones Act seaman who resided in the United Kingdom but was working off the coast of Texas at the time of his death. Cross Claimant resides in the United Kingdom and may be reached through her counsel of record.

2. Cross Defendant Teekay Shipping (USA), Inc. is a Texas corporation with its principal office and principal place of business located at 825 Town Country Lane, Suite 350, Houston, Texas 77024. Teekay (USA) has already appeared in this suit and may be served through its counsel of record.

3. Cross Defendant Teekay Marine Solutions, Inc. is a Texas corporation with its principal office and principal place of business at 1200 East Brazos St. Freeport, TX 77541. Teekay Marine has already appeared in this suit and may be served through its counsel of record.

4. Cross Defendant Teekay Chartering Ltd. is a foreign corporation domiciled and organized under the laws of the Marshall Islands and conducts business in the State of Texas for the purpose of accumulating monetary profit. Teekay Chartering has already appeared in this suit and may be served through its counsel of record.

5. Cross Defendant Teekay Tankers Chartering PTE. LTD. is a foreign corporation domiciled and organized under the laws of Singapore and conducts business in the State of Texas for the purpose of accumulating monetary profit.

Teekay Tankers has already appeared in this suit and may be served through its counsel of record.

6. Cross Defendant STI Jermyn Shipping Company Limited is a foreign corporation domiciled and organized under the laws of the Marshall Islands. This Cross Defendant has engaged in acts that constitute "doing business" in the State of Texas and has continuous and systematic contacts with Texas. STI Jermyn has already appeared in this suit and may be served through its counsel of record.

7. Cross Defendant Scorpio Ship Management (India) Private Limited is a foreign corporation domiciled and organized under the laws of India. This Cross Defendant has engaged in acts that constitute "doing business" in the State of Texas and has continuous and systematic contacts with Texas. Scorpio Marine Management has already appeared in this and may be served through its counsel of record.

8. Cross Defendant Mercury Pool, Ltd. is a foreign corporation domiciled and organized under the laws of Monaco. This Cross Defendant has engaged in acts that constitute "doing business" in the State of Texas and has continuous and systematic contacts with Texas. Mercury Pool has already appeared in this suit and may be served through its counsel of record.

## II.
## FACTS

9. This case arises out of the tragic and untimely death of Decedent Captain Jeremy Barrett on or about November 10, 2024. At all relevant times preceding his death, Decedent was employed by Teekay Interests and was acting within the course and scope of his employment as a Jones Act seaman.

10. On or about November 10, 2024, while carrying out lightering operations as part of his assigned duties, Decedent was ordered to transfer from the LSV MALLARD to the STI JERMYN via accommodation ladder in the navigable waters off the coast of Texas.

11. During the course of this personnel transfer, and while under Cross Defendants' direction and control, the accommodation ladder became unstable and/or inadequately secured, causing Decedent to fall into the water.

12. After struggling in the water for at least 15 minutes, Decedent was eventually retrieved, and CPR was administered; however, he could not be resuscitated.

13. Decedent was pronounced dead on or about November 11, 2024.

14. Decedent suffered a horrific death, including having to endure severe physical trauma and experiencing significant pain, suffering, mental anguish, and emotional distress for at least 15 minutes prior to his death.

## III.
## CAUSES OF ACTION AGAINST TEEKAY INTERESTS

15. Cross Claimant incorporates all other paragraphs by reference here fully.

### A. Jones Act negligence, wrongful death, and survival claims

16. As Decedent's Jones Act employer, Teekay Interests had the absolute and non-delegable duty to, among other things, provide and maintain a safe workplace. Teekay Interests also owed a duty to act reasonably in the operation and maintenance of the LSV MALLARD and STI JERMYN.

17. Cross Claimant contends the Teekay Interests breached their duties because they:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to require its chartered vessels to be suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN, a nominated vessel, was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to evaluate or confirm the vessels' suitability for the intended STS operation before nominating or assigning it;

s) Failed to adequately plan or coordinate the personnel transfer operation involving Mr. Barrett; and

t) Committed other acts deemed to be negligent.

18. Decedent's death was sustained in the course of his employment with Teekay Interests and was proximately caused by the negligence of Cross Defendants Teekay Interests, their officers, agents, or employees, as described herein.

**B. Unseaworthiness of the LSV MALLARD and the STI JERMYN**

19. At all relevant times, Teekay Interests chartered, operated, and/or controlled the LSV MALLARD and the STI JERMYN. As the charterer and/or operator of these vessels, Teekay Interests owed Decedent an absolute and non-delegable duty to provide him with a seaworthy vessel.

20. The unseaworthiness of one or both vessels, including but not limited to the failure to provide an adequate crew, failure to provide a safe means of ingress and egress, failure to provide timely and adequate rescue efforts, and the improper use, rigging, or operation of transfer equipment, was a proximate cause of Decedent's injuries and death.

21. At all relevant times, the vessels in question were unseaworthy, as described herein. The vessels' unseaworthiness proximately caused Decedent's death.

**C. Negligence, wrongful death, and survival claims under General Maritime Law, and, in the alternative, the Death on the High Seas Act (DOHSA)**

22. In the alternative, Cross Defendants Teekay Interests are further liable under General Maritime Law and/or the Death on the High Seas Act for the following negligent acts and an unseaworthy vessel:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to require its chartered vessels to be suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN, a nominated vessel, was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to evaluate or confirm the vessels' suitability for the intended STS operation before nominating or assigning it;

s) Failed to adequately plan or coordinate the personnel transfer operation involving Mr. Barrett; and

t) Committed other acts deemed to be negligent.

## IV.
## CAUSES OF ACTION AGAINST STI INTERESTS

23. Cross Claimant incorporates all the above paragraphs by reference.

### A. Jones Act negligence, wrongful death, and survival claims

24. At the time of the incident, Decedent was a Jones Act seaman such that STI Interests had the absolute and non-delegable duty to, among other things, provide and maintain a safe workplace. STI Interests also owed a duty to act reasonably in the operation and maintenance of the STI JERMYN.

25. Cross Claimant contends the STS Interests breached their duties because they:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to ensure that the vessel was suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to adequately plan or coordinate the personnel transfer operation involving Decedent; and

s) Committed other acts deemed to be negligent.

26. Decedent's death was proximately caused by the negligence of Cross Defendants STI Interests, their officers, agents, or employees, as described herein.

B. **Negligence, wrongful death, and survival claims under General Maritime Law, and, in the alternative, the Death on the High Seas Act (DOHSA)**

27. In the alternative, Cross Defendants STI Interests are further liable under General Maritime Law and/or the Death on the High Seas Act for the following negligent acts and an unseaworthy vessel:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to ensure that the vessel was suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to adequately plan or coordinate the personnel transfer operation involving Decedent; and

s) Committed other acts deemed to be negligent.

**C. Unseaworthiness of the STI JERMYN**

28. At all relevant times, STI Interests owned, operated, and/or controlled the STI JERMYN. As the owner and/or operator of the vessel, STI Interests owed Decedent an absolute and non-delegable duty to provide him with a seaworthy vessel.

29. The unseaworthiness of the vessel, including but not limited to the failure to provide an adequate crew, failure to provide a safe means of ingress and egress, failure to provide timely and adequate rescue efforts, and the improper use, rigging, or operation of transfer equipment, was a proximate cause of Decedent's

injuries and death.

30. At all relevant times, the vessel in question was unseaworthy, as described herein. The vessel's unseaworthiness proximately caused Decedent's death.

## V.
## *RESPONDEAT SUPERIOR*

31. Barrett incorporates all other paragraphs by reference here fully.

32. Whenever in this Cross Claim it is alleged that Cross Defendants did or failed to do any act and/or omission, it is meant that Cross Defendants, acting individually, or by and through their agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of their employment, agency or contract with Cross Defendants, and in furtherance of Cross Defendants' business.

33. Therefore, under the doctrine of *respondeat superior*, Cross Defendants are vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere herein.

## VI.
## DAMAGES

34. As a direct and proximate result of this incident, Decedent suffered severe damages and injuries, including death. As a result of the Cross Defendants' actions, Cross Claimant Christine Barrett has also suffered the devastating loss of her beloved husband.

35. At all relevant times prior to his death, Decedent had a loving

relationship with his wife, Christine Barrett. Cross Claimant respectfully requests the Court and Jury to determine the amount of loss incurred, not only from a financial standpoint, but also in terms of mental anguish and freedom from grief and worry.

36. As a direct and proximate result of Cross Defendants' negligence and/or unseaworthiness of their vessels, Decedent and/or Cross Claimant sustained the following damages:

a) Loss of support and inheritance;

b) Loss of nurture and guidance;

c) Loss of service;

d) Loss of society and companionship;

e) Loss of earning capacity and/or future wages;

f) Pecuniary losses;

g) Funeral and burial expenses;

h) Pre-death pain and suffering;

i) Pre-death mental anguish; and

j) All other damages to which Cross Claimant may be justly entitled and that may be shown through discovery and trial of this case.

## VII.
## REQUEST FOR JURY TRIAL

37. Cross Claimant hereby requests a jury trial of this matter.

## VIII.
## CONCLUSION AND PRAYER

For these reasons, Cross Claimant prays that the Cross Defendants be cited to

appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Cross Claimant against Cross Defendants for damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Cross Claimant may be entitled at law or in equity.

Respectfully submitted,

ZEHL & ASSOCIATES, PC

/s/ *Justin C. Warner*
Ryan H. Zehl
Texas State No. 24047166
eservice@zehllaw.com
Justin C. Warner
Texas State Bar No. 24134114
warner@zehllaw.com
Misha J. Paltiyevich
Texas State Bar No. 24095695
mpaltiyevich@zehllaw.com
2700 Post Oak Boulevard, Suite 1000
Houston, Texas 77056
(713) 491-6064
(713) 583-8545

**ATTORNEYS FOR CROSS CLAIMANT**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document has been forwarded to all counsel of record on March 19, 2026.

*/s/ Justin Warner*
Zehl & Associates, PC